UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MARY REEVES & RUSSELL REEVES     CIVIL ACTION 05-1778

VERSUS     U.S. DISTRICT JUDGE DEE DRELL

TPI RESTAURANTS, INC., et al
    U.S. MAGISTRATE JUDGE JAMES D. KIRK

### Report and Recommendation on Motion to Remand

    Before the court is plaintiffs' motion to remand, **Doc. #18**, referred to me by the district judge for report and recommendation.

    This is a suit in which plaintiffs claim damages due to a slip and fall accident at Shoney's restaurant. Suit was filed in state court in Rapides Parish and removed by the defendants to this court based on diversity jurisdiction. Defendants stated, in the notice of removal, that MRIs of plaintiff's back and neck showed evidence of disc herniations in both.

    Plaintiffs move to remand asserting that "at the time [of removal] the potential of petitioner's damages could exceed $75,000." They further assert that "[a]t this time, now, more than two years post accident, there has been no surgical recommendation. All of plaintiff's treatment has been conservative." Plaintiffs seek to "voluntarily limit their claims to an amount not to exceed $75,000, excluding interest and costs" and state they are attaching an affidavit to that effect. However, no affidavit has been filed.

The motion to remand is, apparently, unopposed because no response by defendants has been filed. Defendants have not advised the court that the motion is unopposed nor have they offered any evidence, insight or assistance to the court whatsoever in resolving this motion.

Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335.  See Luckett v.

Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). The parties may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages and it is not facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made "with little specificity" in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000. Defendants, in their petition for removal, suggest that Louisiana jurisprudence supports awards

of far more than $75,000 for a herniated disc without surgery. Plaintiffs, on the other hand seek to stipulate and "voluntarily limit" their damages to no more than $75,000.

Plaintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective. De Aguilar II, supra. Post removal events (such as a stipulation) may not deprive the court of jurisdiction, St. Paul Mercury, supra.[1] Although a plaintiff may "clarify" the amount in dispute at the time of removal[2], here plaintiffs admit that at the time of removal the amount in dispute exceeded the jurisdictional limits, but seek to reduce the demand because, in the two years since, surgery has not been recommended. Reducing the amount in dispute is impermissible, as shown above.

Defendants have shown by a preponderance of the evidence that the amount in dispute exceeds $75,000. They have produced medical evidence in the form of MRIs showing herniated discs in the neck and back of Mary Reeves. This, alone exceeds the jurisdictional limits of the court without considering Mr. Reeves' consortium claim. Fruge v. Hebert Oilfield Constr., Inc., 856 So.2d100, (La. App. 3rd Cir., 2003); Hoyt v. Grey Ins. Co., 809 So.2d 1076 (La. App. 4th Cir., 2002). Plaintiffs' belated attempt to reduce their claim is ineffective.

For these reasons, plaintiff's Motion to Remand, should be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties

---

[1] Although Gebbia mentions the possibility that, where the amount in dispute is not facially apparent from the petition a stipulation may be considered, De Aguilar II expressly counsels that a stipulation is effective only if filed with the petition. See also, discussion in Marcel, supra, and Arnold v. State Farm, 277 F.3d 772 at fn3, (5th C. 2001).

[2] See De AguilarII, supra; Arnold, supra.

have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 13TH day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE