UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MARY REEVES, ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 1:05 CV 1778 |
| | * | |
| TPI RESTAURANTS, INC. | * | JUDGE: DRELL |
| | * | |
| | * | MAGISTRATE JUDGE: KIRK |

*******************************************************************************************

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, Shoney's, Inc. ("Shoney's") submits this Memorandum in Support of its Motion for Summary Judgment seeking to have the plaintiffs' claims dismissed on the grounds that there are no genuine issues of material fact in dispute and because, as a matter of law, plaintiff cannot establish liability on the part of Shoney's since there is no evidence that Shoney's created the risk or that it knew or should have known of the risk.

### FACTUAL BACKGROUND

This matter arises out of an incident that took place on September 11, 2004.  On that date, the plaintiff, Mary Reeves along with some companions, were patrons at the Shoney's Restaurant located 16 MacArthur Drive in Alexandria, Louisiana.[24]  On that day, Reeves and her companions were on their way to a church meeting in Alexandria.  They

---

[24]See plaintiff's Petition at ¶ 2; a copy of this Petition is attached as Exhibit 1.

stopped at Shoney's prior to the meeting for breakfast.[25]  It was a Saturday.[26]  The meeting

was scheduled for 9:00 a.m.[27]  They arrived at approximately 7:00.am.[28]

Upon arrival, she and her companions were seated by the hostess immediately.[29]

On the way to the table, Reeves noticed nothing unusual about the floor.[30]  The floor was

a mixture of tile and carpet.[31]  The table at which they were seated was approximately eight

to ten feet from the breakfast buffet.[32]

Mrs. Reeves was among the first of her group to approach the buffet.[33]  On her way

to the buffet, she did not see anything on the floor.[34]  Other patrons were already at the

buffet.[35]  There were at least three to four others at the buffet.[36]

_____

[25]    Deposition of Reeves, Attached as Exhibit 2,  p. 15, lines 3-5.

[26]    Deposition of Reeves, p. 15, line 1.

[27]    Deposition of Reeves, p. 15, lines 6-8.

[28]    Deposition of Reeves, p. 15, line 11.

[29]    Deposition of Reeves, p. 17, lines 20-24.

[30]    Deposition of Reeves, p. 18, lines 5-7.

[31]    Deposition of Reeves, p. 18, lines 10-16.

[32]    Deposition of Reeves, p. 18, lines 20-22; p. 19, lines 1-3.

[33]    Deposition of Reeves, p. 20, line1.

[34]    Deposition of Reeves, p. 21, lines 12-14.

[35]    Deposition of Reeves, p. 22, lines 4-7.

[36]    Deposition of Reeves, p. 22, lines 20-25.

Mrs. Reeves fixed her plate, including grits, bacon, eggs, ham and hash browns.[37] On her return from the buffet to her table, Reeves did not notice anything on the floor.[38] None of her companion mentioned to her that they had seen anything on the floor.[39]

Reeves took the same route away from the buffet as she did to the buffet.[40]  At that time, the tables in her area were practically full.[41]  She and her companions dined and Reeves ate all that she wanted on her first plate.[42]

The accident occurred on Reeves' second trip to the bar.[43]  Prior to that, she did not hear anyone mention there being anything on the floor.[44]  Noone had seen anything on the floor to her knowledge.[45]   Reeves took the same route to the breakfast buffet on her second trip that she did on her first.[46]

The accident occurred on the second trip to the bar, approximately two to three feet

_____

[37]      Deposition of Reeves, p. 23, lines 1-3.

[38]      Deposition of Reeves, p. 23, lines 14-16.

[39]      Deposition of Reeves, p. 23, lines 19-22.

[40]      Deposition of Reeves, p. 23, line 23 thru p. 24, line 4.

[41]      Deposition of Reeves, p. 24, lines 8-14.

[42]      Deposition of Reeves, p. 25, lines 2-5.

[43]      Deposition of Reeves, p. 25, lines 9-11.

[44]      Deposition of Reeves, p. 26, lines 1-4.

[45]      "To my knowledge, noone had seen anything on the floor."  Deposition of Reeves, p. 26, lines 8-9.

[46]      Deposition of Reeves, p. 26, lines 10-13.

3

away from her table.[47]   The accident was approximately six to eight feet away from the breakfast buffet.[48]  Prior to the fall, Reeves knew of nothing on the floor.  She testified:

Q:      Prior to your fall, had you seen anything on the floor?

A:      No ma'am.

Q:      At the time, before your fall when you were sitting at the table, did you see anything on the floor?

A:      No ma'am.

Q:      When you were sitting at the table, did any of your companions notice anything on the floor?

A:      No ma'am.[49]

After her fall, Reeves noticed some bread crumbs in the area of her fall.[50]  She noticed them after the manager examined her shoe and the particles fell to the floor.[51]  The crumbs were powdery, and like flour.[52]  She did not notice anything slippery nor did she notice any sheen to the floor.[53]

---

[47]      Deposition of Reeves, p. 26, lines 23-25; p. 27, lines 17-20.

[48]      Deposition of Reeves, p. 28, lines 5-6.

[49]      Deposition of Reeves, p. 28, lines 10-19.

[50]      Deposition of Reeves, p. 32, lines 13-22.

[51]      Deposition of Reeves, p. 33, lines 4-13.

[52]      Deposition of Reeves, p. 34, lines 1-5.

[53]      Deposition of Reeves, p. 34, line 23 thru p. 35, line 4.

4

Although she saw some powdery crumbs after the fall, Reeves has no idea how long a period, if any, those crumbs were present prior to her fall.

> Q:    Do you have any idea how long that bread or biscuit had been on the floor?
>
> A:    No ma'am.
>
> Q:    Do you know of anyone who knows how long that piece of bread or biscuit was on the floor prior to your fall?
>
> A:    No ma'am.[54]

Reeves further testified, "I have no idea how long it could have been there."[55]

Not only did Mrs. Reeves fail to see anything on the floor prior to her fall, but noone she was with saw the bread or biscuit before the fall.[56]  To Reeves' knowledge, there is noone who knows how long the bread or biscuit was on the floor.[57]

On the day in question, the Shoney's store was managed by Daniel Flores.  Flores was present at the time of Mrs. Reeves' fall.[58]  As manager, Flores maintained a travel path

---

[54]    Deposition of Reeves, p. 36, line 21 thru p. 37, line3.

[55]    Deposition of Reeves, p. 37, lines 6-7.

[56]    Deposition of Reeves, p. 37, lines 21-24.

[57]    Deposition of Reeves, p. 38 , lines 9-12.

[58]    Deposition of Flores, Attached as Exhibit 3,  p. 9, line 23 thru p. 10, line 1.

throughout the store to monitor the store.[59]  His travel path was confined to the front part of the store when the restaurant was busy.[60]  At the time of Mrs. Reeves' accident, he was on the floor.[61]

The travel path for the front of the store began at the front door then went onto the front door foyer and front door area.  From there, Flores traveled to the restrooms, then to the cash stand, then along the tables to the breakfast buffet/bar.  From there, he turned to the right side of the bar and looped around the bar then went back along the tables near the window and back up to the cash stand.[62]  The purpose of the travel path was to monitor floors, quality, service and cleanliness.[63]  Flores looked at the floors during the travel path.[64]

At Shoney's everyone is responsible for floor maintenance.[65]  The floors are constantly monitored on Flores' watch.[66]

On the day of the accident, Flores examined the floor immediately after Reeves' fall

---

[59]     Deposition of Flores, p. 51, lines 11-13.

[60]     Deposition of Flores, p. 51, lines 13-22.

[61]     Deposition of Flores, p. 52, lines 8-13.

[62]     Deposition of Flores, p. 52, lines 22 thru p. 53, line 7.

[63]     Deposition of Flores, p. 53, lines 11-15.

[64]     Deposition of Flores, p. 53, lines 16-19.

[65]     Deposition of Flores, p. 55, lines 17-22.

[66]     Deposition of Flores, p. 55, lines 14-16.

on his hands and knees.[67]  He was approximately two to three feet behind her when she fell.[68]  He did not see anything on the floor upon his examination.[69]  Furthermore, he did not notice anything out of the ordinary during his travel path immediately prior to her fall.[70] To his recollection, the floors were well maintained prior to her accident.[71]  Again, the floors were monitored constantly.[72]  Additionally, the waitresses monitored the floors.[73]  The waitresses knew to report spills, they knew to clean them up, they knew that it was important and the procedure was followed that day.[74]

Flores' travel path in the front of the restaurant takes approximately three to four minutes.[75]  At busy times, the path may take four to six minutes due to various duties along the way.[76]  Flores had been in the area of Reeves' fall no more than six minutes prior to her fall and had not seen anything on the floor.  Furthermore, he was present immediately after

---

[67]     Deposition of Flores, p. 56, lines 8-12.

[68]     Deposition of Flores, p. 57, lines 10-12.

[69]     Deposition of Flores, p. 58, lines 13-15.

[70]     Deposition of Flores, p. 64, lines 17-23.

[71]     Deposition of Flores, p. 64, line 24 thru p. 65, line 3.

[72]     Deposition of Flores, p. 66, lines 11-14.

[73]     Deposition of Flores, p. 66, lines 15-25.

[74]     Deposition of Flores, p. 67, lines 1-16.

[75]     Deposition of Flores, p. 68, lines 14-15.

[76]     Deposition of Flores, p. 68, line 16 thru p. 70, line 7.

the fall and noticed nothing more than a crumb.

## LAW AND ANALYSIS

A merchant is not absolutely liable simply because an accident happens.   A merchant, such as Shoney's, is "not required to insure against all accidents that occur on the premises."[77]  Furthermore, the plaintiff bears the burden of proof not only to establish that there was an unreasonably dangerous condition on the premises, but that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[78]   The plaintiff in the instant matter simply cannot meet this burden of proof regarding notice.

Plaintiff's burden of proof in this matter is found under La. R.S. 9:2800.6.  It provides in relevant part:

> B.   In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

---

[77]   *Retif v. Doe*, 632 So.2d 405, 408 (La. App. 4th Cir.), *writ denied*, 638 So.2d 1095 (La. 1994); *Hess v. Schwegmann Giant Supermarkets, Inc.*, 595 So.2d 754, 755 (La. App. 4th Cir. 1992).

[78]   La. R. S. 9:2800.6C(1).

(3) The merchant failed to exercise reasonable care.   In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C.  Definitions: (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the conditione exists, does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care, should have known of the condition.  La. R.S. 9:2800.6.

The statute requires a plaintiff alleging injury from a fall due to a condition existing in or on a merchant's[79] premises to prove three essential elements: (1) the condition presented an unreasonable risk of harm that was reasonably foreseeable (2) the merchant either created or had actual or constructive notice of the condition prior to the occurrence and (3) the merchant failed to exercise reasonable care.[80] The statute mandates affirmative proof of all three elements.[81]   Thus, plaintiffs herein must prove that Shoney's either caused the bread to be placed near the breakfast bar, had actual knowledge of the bread near the breakfast bar, or that the bread had been present near the breakfast bar for a sufficient amount of time such that Shoney's should be charged with constructive notice

---

[79]    The statute provides that a merchant is one "...whose business is to sell goods, foods, wares or merchandise at a fixed place of business", and thus includes defendant Shoney's herein. L.S.A.-R.S. 9:2800.6 C (2).

[80]    L.S.A.-R.S. 9:2800.6 B (1) through (3).

[81]    *Tantillo v. Wal-Mart Stores, Inc.*, No. 96 CA 0401R, 739 So. 2d 304;306. (La. App. 1 Cir. 6/25/99).

of its presence. The plaintiffs have no evidence that the bread was put there by Shoney's or that Shoney's actually knew that it was there.  Thus, the plaintiffs can only prevail in this matter if they prove constructive notice on the part of Shoney's.  Constructive notice is a defined term in the statute, which means that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[82]

The Louisiana Supreme Court established in *White v. Wal-Mart Stores, Inc.*[83] that the  mere fact that a condition existed is not sufficient to prove constructive knowledge.[84] Rather, it held, positive proof of the existence of the condition for a sufficiently lengthy period of time prior to the fall is required, and the absence of such proof is fatal to the plaintiff's case.[85]  Subsequently, in  *Kennedy v. Wal-Mart Stores, Inc.*[86], the Louisiana Supreme Court again applied the holding announced in the *White* case.  Plaintiff Kennedy slipped in a puddle of water near the checkout lanes in defendant's store.  The trial court ruled in favor of plaintiff, finding that Wal-Mart had constructive notice of the condition, and the appellate court affirmed.   The Louisiana Supreme Court reversed.   The justices reiterated that the plaintiff presented no evidence as to the length of time the puddle was

---

[82]     L.S.A.-R.S. 9:2800.6 C. (1).

[83]     No. 97-0393, 699 So. 2d 1081 (La. 9/9/97).

[84]     *White*, supra., at p.4-5, 690 So. 2d at 1084-1085..

[85]     *O'Brien v. Wal-Mart Stores, Inc.*, No. 31,032-CA, 720 So. 2d 1263, 1267 (La. App. 2 Cir. 10/28/98).

[86]     No. 98-C-1939, 733 So. 2d 1188 (La. 4/13/99).

on the floor before his accident, and therefore under the clear and unambiguous requirements of the statute, the plaintiff failed to meet his burden of proving constructive notice.[87]

The Louisiana Courts of Appeal have consistently adhered to the *White* standard. In *Williams v. Shoney's Inc.,*[88] plaintiff slipped in prune juice and fell in defendant's restaurant. Plaintiff presented no evidence that the defendant created the spill or had actual knowledge of it. In affirming summary judgment in favor of the defendant, the appellate court noted that the plaintiff presented no evidence to show the length of time the spill had been on the floor, thus could not meet her burden of proof to establish constructive notice. In *Cooper v. Wal-Mart Stores, Inc.,*[89] the plaintiff slipped on a rock inside a discount store. The plaintiff had no information about where the rock came from, how it got there or how long it had been present. The Court of Appeal reversed a trial court judgment in favor of the plaintiff, finding that the plaintiff failed to prove constructive notice because she did not prove how long the rock had been on the floor. Therefore, there could be no finding that the condition had existed for an amount of time sufficient to place the defendant on notice of its existence. Similarly, in *Dickerson v. Winn-Dixie, Inc.,*[90] plaintiff

---

[87]    *Id.*

[88]    No. 99 CA 0607, 764 So. 2d 1021 (La. App. 1 Cir. 3/31/00).

[89]    No. 97 CA 1723, 725 So. 2d 51 (La. App. 1 Cir. 12/9/98), *reh. den.*, 1/25/99.

[90]    No. 2001 CA 0807, 816 So. 2d 315 (La. App. 1 Cir. 2/27/02).

11

did not prove actual knowledge and was unable to show how long potting soil had been on the floor of defendant's premises, and therefore could not prove constructive notice, so summary judgment was affirmed.

Further, in *Carr v. Wal-Mart Stores, Inc.,*[91] plaintiff fell as a result of oil on a directional traffic arrow painted on the defendant's parking lot surface.  However, the plaintiff had no proof of prior knowledge of the condition on the part of the defendant, and therefore the court granted defendant's motion for summary judgment since the plaintiff failed to show any factual support for the required element of knowledge. The appellate court affirmed the trial court's decision.  Additional supporting jurisprudence is plentiful.[92]

In the instant matter, Mrs. Reeves has no evidence to support that Shoney's placed

---

[91]      No. 00-CA-896, 772 So. 2d 865 (La. App. 5th Cir. 10/31/01).

[92]      See also *Dawson v. Brookshire Grocery Company,* No. 31042-CA, 718 So. 2d 623 (La. App. 2d Cir. 9/23/1998) (Plaintiff slipped on a wet floor in defendant's store on a rainy day, but did not present positive evidence that the floor was wet for some period of time prior to her fall.  In reversing the trial court's judgment in favor of the plaintiff, the appellate court noted that the lack of evidence from the plaintiff that water or moisture was present on the floor or had remained on the floor for any length of time prior to her fall was fatal to her claim.); *Terry v. Wal-Mart Stores, Inc.* 780 So. 2d 1251 (La. App. 3d Cir. 2/28/01) (plaintiff could not establish how long a small key chain had been on the floor of defendant's store prior to the time she allegedly slipped on it and fell, therefore she failed to satisfy a critical element of proof and the trial court properly entered judgment in favor of the store and against plaintiff.); *Norden v. Wal-Mart Stores, Inc.,* 716 So. 2d 930 (La. App. 4 Cir. 8/12/98) (plaintiff who allegedly tripped over protruding boxes in defendant's store did not show that the defendant created the condition or had actual knowledge of it, and did not prove constructive notice where there was no evidence of how long the condition existed prior to her fall.  The trial court's judgment favor of plaintiff was reversed by the appellate court and plaintiff's claim was dismissed.); *Campo v. Winn Dixie Louisiana, Inc.* No. 02-CA-47, 821 So. 2d 94 (La. App. 5th Cir. 2002) (plaintiff slipped in a clear liquid thought to be egg white in defendant's grocery store; plaintiffs had no evidence of how long the liquid had been on the floor prior to the fall; trial court properly granted summary judgment in favor of defendant.)

the bread on the floor or that Shoney's knew or should have know that the bread was present on the floor.  Mrs. Reeves admitted that she did not see anything on the floor prior to her fall despite having traversed the area twice and sitting within two to three feet of the location of the fall.  Further, none of her three companions saw anything on the floor prior to her fall.

Furthermore, the undisputed facts establish that the area was monitored by both wait staff and management immediately prior to the fall and no one saw anything on the floor prior to Mrs. Reeves' fall. The store manager, Daniel Flores, traversed the area routinely that morning and saw nothing out of the ordinary prior to the fall.

In *White*,[93] the Louisiana Supreme Court determined that the absence of evidence regarding the time period a foreign substance had been present was "fatal to the claimant's cause of action."  Likewise, in this matter, the lack of temporal evidence is critical to Mrs. Reeves claim in the face of the undisputed facts.

The undisputed facts show that the floors were monitored on the morning of the fall, that no one saw anything on the floor immediately prior to Mrs. Reeves' fall and that the accident happened within two to three feet from Mrs. Reeves table and neither she nor her companions saw anything on the floor.  Mrs. Reeves admits that she knows of no one who saw the crumb on the floor and no one who knows how long, if any, the crumb was on the floor.  Because the plaintiff has not and cannot provide this Court with any positive

_____

[93]     *Supra* at 1086.

13

evidence regarding the length of time the bread crumb was present on the floor, she

cannot meet her burden of proof, and her claim must be dismissed.

### SUMMARY JUDGMENT STANDARD

In *Mitchell v. CCA of Tennessee*,[94] this honorable court held that the summary

judgment standard is as follows:

> Rule 56(c) of the Federal Rules of Civil Procedure mandates that a summary judgment:  shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file ... together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986).  If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. *1996)(citing Celotex Corp. v. Catrett,* 477 U.S. 317, 321-23, 106 S.Ct. 2548, 2551-53 (1986)).

Under this standard, Shoney's is entitled to summary judgment as a matter of law

as it has provided evidence to the court, by deposition testimony that the floor was well

maintained prior to Mrs. Reeves fall and that Mrs. Reeves has admitted that she saw

nothing on the floor immediately prior to her accident.  Moreover, Shoney's has established

that Mrs. Reeves knows of no one who saw anything on the floor prior to the fall and knows

of no one who can say how long, if any, the bread crumb was on the floor.  That evidentiary

---

[94]     2007WL837293 at *2.

showing being an essential element of her burden of proof, Reeves claim fails.

## CONCLUSION

Because the plaintiff cannot meet the mandatory burden of proof set forth in La.

R.S. 9:2800.6 regarding constructive notice, she cannot satisfy every element necessary

for a claim under that statute, and this Court should dismiss her suit.

Respectfully submitted,

PAULA M. WELLONS (#19028)
FAYE DYSART MORRISON(#23049)
Taylor, Wellons & Politz & Duhe, APLC
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
(504) 525-9888

ATTORNEYS FOR SHONEY'S, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all

parties by placing same in the U.S. Mail, postage prepaid and properly addressed, this

19 day of April, 2007.

FAYE DYSART MORRISON

15