

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| MARY REEVES, et al. | CIVIL ACTION NO. 05-1778 |
|---|---|
| -vs- | JUDGE DRELL |
| TPI RESTAURANTS, INC., et al. | MAGISTRATE JUDGE KIRK |

# R U L I N G

Before the Court is a motion for summary judgment (Doc. 22) filed by defendant Shoney's, Inc. ("Shoney's"), seeking dismissal of all of the plaintiff's claims. Because Shoney's correctly contends that the plaintiffs cannot meet their burden of proof under La. R.S. § 9:2800.6, and because that failure is fatal to the plaintiffs' claims, the motion is GRANTED. By separate judgment, all of plaintiffs' claims in this matter are DISMISSED WITH PREJUDICE.

## JURISDICTION

This suit was filed in state court on September 2, 2005 and was removed to this Court on October 11, 2005. The plaintiffs, Louisiana residents, originally named as an additional defendant Daniel Flores, also a Louisiana resident and the alleged manager of the Shoney's restaurant in which this suit arose. (Doc. 1). In the notice of removal, Shoney's contended that Mr. Flores was fraudulently joined, but we need not reach that contention here. Because of the plaintiffs' failure to serve Mr. Flores, on February 21, 2008 we ordered the plaintiffs to show cause why their claims against Mr. Flores should

not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to effect service. (Doc. 31) Having failed to receive a response from the plaintiffs, on March 7, 2008 we dismissed without prejudice all of the plaintiffs' claims against Mr. Flores. (Doc. 32).

As a consequence of that dismissal, there is now complete diversity between the plaintiffs and defendants in this matter, and there is a sufficient amount in controversy, as we found in our May 3, 2007 judgment (Doc. 26) adopting the magistrate judge's report and recommendation (Doc. 21). Thus, we have jurisdiction under 28 U.S.C. § 1332. These jurisdictional matters disposed of, we turn to the motion for summary judgment (Doc. 22) filed by Shoney's.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant.

Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

## ANALYSIS

This case arises from a slip-and-fall occurring on September 11, 2004 in a Shoney's restaurant in Alexandria, Louisiana, when plaintiff Mary Reeves slipped on a foreign substance, perhaps food, and allegedly suffered serious injuries. Plaintiffs allege the following in their complaint:

> The aforementioned accident and the resulting injuries were a direct result of negligence of the defendant in the following non-exclusive particulars:
>
> 1. Failing to warn plaintiff of the danger presented by food on the floor near the breakfast bar;
>
> 2. Failure to properly supervise and maintain the breakfast bar to prevent food from falling from the bar;
>
> 3. Failing to take reasonable and necessary precautions to keep the area surrounding the breakfast bar properly inspected clean and clear of tripping/slipping hazards;
>
> 4. Failing to keep the floor area surrounding the breakfast [sic] in a reasonably safe condition.

(Doc. 1, p. 2).

Thus, the entire basis for the plaintiffs' suit against Shoney's is negligence relating to the slip-and-fall. Under Louisiana law, such a situation falls under La. R.S. § 9:2800.6, which provides in relevant part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably

3

safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Id. Section 2800.6(B) clearly places the burden of proving all elements under § 2800.6(B) on the plaintiff alone, and a plaintiff's failure to prove even one element is fatal to the entire cause of action. As the Louisiana Supreme Court explained:

> Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. Courts are not free to rewrite laws to effect a purpose that

4

is not otherwise expressed.  <u>Backhus v. Transit Casualty Co.</u>, 549 So.2d 283, 291 (La.1989).

This statute is clear and unambiguous. The statute uses the mandatory "shall." **Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B).** The conjunctive "and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory.  The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence.  That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1).  The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." **The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.** Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.

<u>White v. Wal-Mart Stores, Inc.</u>, 699 So. 2d 1081, 1084 (La. 1997) (footnote omitted).

In the instant case, the following facts are undisputed: (a) Mrs. Reeves did not have any idea how long a period a slippery condition existed on the floor.  (b) Mrs. Reeves could not say what that substance was (if indeed there was a foreign substance on the floor).  (c) Shoney's had no actual knowledge of the condition.  (d) Shoney's employees had no knowledge of the condition, despite routinely checking the floor for the presence of foreign substances.  (e) The floors were well maintained prior to Mrs. Reeves's accident.  (Doc. 22-2, Shoney's statement of uncontested material facts).

In response, the plaintiffs specifically raise only the following four allegedly contested facts:

> 1. Whether or not Daniel Flores, Shoney's Manager, actually witnessed Mrs. Reeve's [sic] accident, and accordingly whether or not his testimony is relevant.

>  2. Where did the accident report that Shoney's produced come from since the proported [sic] manager, Daniel Flores did not recognize it or sign it?
>
>  3. What shoes were Mrs. Reeves wearing on the accident date and did they have anything to do with the accident?
>
>  4. Was Daniel Flores actually the manager of the Shoney's in question on the accident date since he does not recognize the accident report or the plaintiff's shoes and could not verify that it was in fact Mrs. Reeves that he saw fall?

(Doc. 29, plaintiffs' statement of disputed facts) (citations omitted).

We note that this is the first time that the plaintiffs have suggested that Mr. Flores was not the manager of the Shoney's restaurant in question on that day. We also note that <u>even if</u> Mr. Flores did not witness Mrs. Reeves's accident, his testimony as to Shoney's general safety practices would still be relevant, because it is undisputed that he is a Shoney's manager. Nevertheless, assuming that <u>all four</u> of these allegedly disputed facts are resolved in plaintiff's favor—i.e., assuming that we were to disallow ALL of Mr. Flores's testimony, disallow the accident report, and assume that Mrs. Reeves was not wearing sandals—the plaintiffs have failed to meet their burden under La. R.S. § 9:2800.6(B)(2), relating to the creation or notice of the dangerous condition.

The plaintiffs have brought absolutely **NO** evidence that Shoney's either created or had actual or constructive knowledge of any slippery condition on the floor. The plaintiffs cannot say whether there was a substance at all, what that substance was, or how long it had been in place before the accident. As <u>White v. Wal-Mart Stores, Inc.</u>, 699 So. 2d 1081, 1084 (La. 1997), explains with respect to constructive notice, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the

condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." Id.

Simply put, the plaintiffs have failed to present any evidence of actual or constructive notice on the part of Shoney's. At best, the plaintiffs can show only that there was a piece of biscuit on the floor in Shoney's soon after Mrs. Reeves's slip-and-fall.[1] Under LA. R.S. § 9:2800.6(B)(2), however, the plaintiffs must prove that Shoney's "either created or had actual or constructive notice of the condition which caused the damage, **prior to the occurrence**." Id. (emphasis added). Because the plaintiffs have failed to do so, summary judgment is appropriate.[2]

---

[1] In her deposition, Mrs. Reeves said,

> ... where they sat me down when he took my shoe, he did that and knocked the particles — and that really wasn't what made me catch the attention of the — the bread on the floor where my shoe was — where my shoes had slipped because it was on my shoe. And when he hit the shoe, like I said, and said that, the particles was there. **But beyond that, I didnt' really make a search over the floor to see if —**

(Doc. 22-8, p. 16—Mrs. Reeves deposition, p. 33) (emphasis added).

In his deposition, Mr. Flores said,

> I remember looking on the floor. They said she had stepped on bread or a biscuit or something. I remember finding a piece of biscuit in a groove near the meat side. . . . I don't recall seeing anything on the bottom of her shoe, but I remember finding a piece of biscuit on the floor, but it was not — it wasn't where she was standing.

(Doc. 27-2, p. 5—Flores deposition, p. 28). Of course, assuming the plaintiffs' contested allegations to be true in the broadest possible sense, we would disregard Mr. Flores's remarks.

[2] See also Babin v. Winn-Dixie Louisiana, Inc., 764 So. 2d 37, 40 (La. 2000):

> In the instant case, we find Winn-Dixie pointed out to the court that there was an absence of factual support for an essential element of plaintiff's cause of action under La. R.S. 9:2800.6, because plaintiff was unable to satisfy the constructive notice requirement of the statute by showing the toothpick boxes were on the floor for some period of time prior to his alleged fall.

7

The plaintiffs argue that Shoney's had no written plan for inspecting and cleaning up the floor and that "no individual employee or identifiable group of employees had direct responsibility and accountability for keeping the floors around the breakfast bar free from hazardous food spillage [which] created an unreasonable risk of harm to Shoney's customers and therefore a breech [sic] of the reasonable care-standard [sic]." (Doc. 27, p. 3). These arguments are apparently intended to support La. R.S. § 9:2800.6(B)(3):

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Id.

As the plaintiffs readily admit, the lack of a uniform cleanup or safety procedure is insufficient to satisfy this element, and they point to no cases requiring that a single employee or group of employees have "direct responsibility and accountability." Regardless, this "reasonable care" element is only one of the three elements set out in Section 2800.6(B) which the plaintiffs have the burden of proving. The plaintiffs' potential ability to satisfy Section 2800.6(B)(3) is irrelevant, because, as explained above, the plaintiffs have failed to present **any** evidence in support of Section 2800.6(B)(2), relating to the creation or knowledge of the dangerous condition. Consequently, the plaintiffs' claims under La. R.S. § 9:2800.6—the only claims involved in this suit—must be dismissed as a matter of law.

---

Id.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (Doc. 22) filed by defendant Shoney's, Inc. is **GRANTED**. By separate judgment, all of the plaintiffs' claims in this matter are **DISMISSED WITH PREJUDICE**.

SIGNED on this 13 day of March, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE